```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ANTHONY J. WASHINGTON,

                        Plaintiff,                     NOT FOR PUBLICATION
                                                       MEMORANDUM & ORDER
        -v.-                                           17-CV-6391 (WFK) (VMS)

CHARLES RESTIVO and RESTANI
CONSTRUCTION CORP.,

                        Defendants.
-------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On December 4, 2017, Anthony J. Washington ("Plaintiff"), appearing *pro se*, filed this action against Restani Construction Corporation and Charles Restivo alleging employment discrimination and retaliation. The Court hereby GRANTS Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Complaint, ECF No. 1, is DISMISSED with respect to Charles Restivo, but shall proceed as to Restani Construction Corporation.

## BACKGROUND

Plaintiff alleges that his work site supervisor, Mr. Morganilli, used "racial slurs" against Plaintiff on October 28, 2016, and that, after Plaintiff contacted his employer on October 29, 2016, to complain, his employer failed to send him to any further work sites. Compl. at 5-8. Plaintiff also alleges retaliation for complaining about this alleged racial discrimination. *Id.* at 4, 6. On October 16, 2017, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and, on November 17, 2017, the EEOC issued a Dismissal and Notice of Rights. *Id.* at 9, 13–16.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). Although all factual allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice," and pleadings that "are no more than conclusions[] are not entitled to the assumption of truth." *Id.* at 678–79. In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted to raise the strongest arguments that [it] suggest[s]," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). Finally, pursuant to the *in forma pauperis* statute, a court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Title VII does not permit the imposition of liability on individual employees; rather, only the employer may be named. *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995)); *see also Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014). Therefore, the Complaint is DISMISSED as to Charles Restivo for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). However, Plaintiff may proceed with his retaliation claims as to Restani Construction Corporation.

## CONCLUSION

For the foregoing reasons, the Complaint, filed *in forma pauperis*, is DISMISSED as to Charles Restivo for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall issue against Mr. Restivo and the Clerk of Court is directed to terminate Mr. Restivo from the docket. Plaintiff's Complaint is not dismissed with respect to Restani Construction Corporation; Plaintiff may proceed with that aspect of the litigation. The Clerk of Court is directed to issue a summons against Restani Construction Corporation and the United States Marshal Service is

directed to serve the summons and complaint against this defendant without prepayment of fees.

The case is referred to Vera M. Scanlon, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

/S/ Judge William F. Kuntz, II
**WILLIAM F. KUNTZ, II**
United States District Judge

Dated: December 11, 2017
      Brooklyn, New York